**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **INTERSTATE POWER AND LIGHT COMPANY**<br><br>Plaintiff,<br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | Case No. 04-0067C<br><br>Judge Miller |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY**

Plaintiff, Interstate Power and Light Company (for these purposes "IPL"), respectfully submits the following response to the "Defendant's Motion to Stay All Proceedings Or, In The Alternative, For Coordinated Discovery Regarding Rate And Schedule Issues," filed March 22, 2004 (the "Motion to Stay").

As described further below, IPL does not oppose the basic substance of the relief requested by the government, but files this short response in order to: (a) suggest that the stay be temporary and that a status report be filed in six months, in order to allow the Court at that point to assess the circumstances and continued desirability of a stay; and (b) emphasize that IPL does not necessarily concur with all of the government's characterizations regarding the history of the so-called "spent fuel" litigation, nor, in particular, to the supposed relationships that the government describes between other cases pending before the Court and this one.

A. IPL does not oppose a modest and reasonable stay of this lawsuit, in order to allow for possible efficiencies due to developments in other previously-filed cases in which similar claims are being pursued by other parties. IPL believes, however, that an indeterminate

stay until "final ruling" (which of course could include appellate rulings or even proceedings after remand) of the three identified spent fuel cases in which trial dates have been set is not prudent at this time. *See* Motion to Stay at 12. There have been a number of twists and turns in the prosecutions of the so-called "spent fuel" lawsuits in this Court over the years. It is certainly possible that such further developments—in the three cases identified by the government or otherwise—could provide efficiencies in connection with the prosecution of the claims asserted in this case. It is equally possible, however, that proceedings in those three cases could unfold in such a way that it becomes clear that efficiencies in this case would *not* be gained by awaiting final resolution, particularly given that IPL believes that this case may differ in significant respects from some or all of the three cases identified by the government. In order to allow for these various possibilities in a reasonable manner, IPL therefore suggests that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings.

B. The government's motion contains a recitation of the history of the "spent fuel" litigation, numerous assertions regarding the alleged interrelationships between the three so-called "lead" cases and this one, and allegations regarding postulated "inconsistent performance obligations" and the like. *E.g.*, Motion to Stay at 11. IPL does not intend here to file a lengthy response, but merely wishes to note for the record that it does not agree with many of the assertions contained within the government's motion. With respect to the supposed similarities between this case and the "lead" cases, for example, the case of *Yankee Atomic Power Company v. United States*, No. 98-126C (Senior Judge Merow) involves power plants that are permanently shut down, unlike the operating IPL plant that is the subject of this complaint. IPL's complaint involves only the single-unit Duane Arnold Energy Center, as compared to the two nuclear units

in *Indiana Michigan Power Co. v. United States*, No. 98-486C (Judge Hodges), and the multiple nuclear units and multiple nuclear sites at issue in *Commonwealth Edison Co. v. United States*, No. 98-621C (Judge Hewitt). Further, as IPL has already constructed an on-site dry storage facility, this case may not involve many of the complexities regarding assessment of future damages that are presented in some of the "lead" cases, including *Indiana Michigan*, No. 98-486C. For these and other reasons, this case may well *not* implicate many of the issues that will likely drive the damages proceedings in the three "lead" cases cited in the government's motion, and some flexibility regarding a stay based upon those cases is therefore appropriate.

**CONCLUSION**

For the reasons described above, IPL requests that the Court grant a temporary stay of these proceedings, and that the parties be directed to file status reports six months from now regarding the continued desirability of a stay of this action.

s/ Brad Fagg

Brad Fagg (Counsel of Record)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile

March 31, 2004

Of Counsel:

Paul M. Bessette
MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Plaintiff
Interstate Power and Light Company

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 31st day of March, 2004, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Brad Fagg