**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **INTERSTATE POWER AND LIGHT COMPANY,** | ) | |
| Plaintiff, | ) | Case No. 04-0067C |
| v. | ) | (Judge Christine Miller) |
| **UNITED STATES OF AMERICA,** | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT AND MOTION FOR EXTENSION OF TEMPORARY STAY**

Pursuant to this Court's orders dated October 14, 2004 and September 27, 2004, the parties respectfully file this joint status report and motion to extend the temporary stay.

This action is based upon a Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract"), between Interstate Power and Light Company ("IPL") and the United States, acting through the Department of Energy ("DOE"), the material terms of which are published at 10 C.F.R. § 961.11. The Standard Contract at issue in this proceeding relates to spent nuclear fuel generated at the Duane Arnold Energy Center. Fifty-nine cases involving the Government's actions in connection with spent nuclear fuel and/or high-level radioactive waste are currently pending in the Court of Federal Claims.

Both parties agree that the Court should continue the current stay of all proceedings, including discovery, until September 6, 2005. As in several other SNF/HLW cases pending before the Court, the parties believe that in this case the interests of efficiency and economy overwhelmingly support the currently-requested defined extension of the stay. Indeed, savings of the significant costs of discovery concerning many issues that the parties agree might be

dispositively resolved in other cases are among the chief reasons for continuing the current stay for the defined period.

The parties do not presently desire to engage in affirmative or responsive discovery, or other active litigation such as substantive motions practice. This is because there is at least a reasonable chance that the dispositive resolution of legal and factual issues in previously-filed cases in which similar claims are being pursued by other plaintiffs could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they become necessary.[1/] These issues may include, among others, so-called "rate" issues, or the minimum mandatory schedule for acceptance of spent nuclear fuel (SNF) and high-level radioactive waste (HLW) by which the Government was contractually obligated to accept contract holders' SNF and/or HLW, and issues regarding recovery of damages under a partial breach of contract theory that will be alleged to occur in the future. These issues have been or are expected to be presented in the trials that are currently scheduled to occur during the coming year. Resolution of these issues in such cases could facilitate agreements by the parties in this lawsuit, or at a minimum, inform the Court's consideration of such issues if they remain contested and require resolution in this case. Moreover, definitive resolution of those issues could potentially affect the scope of pre-trial discovery in a dramatic way – for example, by eliminating the need to engage in discovery regarding so-called "future" damages.

The parties request that the stay be continued until September 6, 2005. By this date, there

---

1/ Five cases already have completed trials regarding the plaintiffs' damages, Indiana Michigan Power Co. v. United States, No. 98-486C (Fed. Cl.), Yankee Atomic Electric. Co. v. United States, No. 98-126C (Fed. Cl.), Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.), Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.), and Sacramento Municipal Utility District v. United States, No. 98-488C (Fed. Cl.). The Indiana Michigan case has been appealed to the Federal Circuit, where briefing has been completed. Decisions by the trial judges are pending in the other cases.

may be guidance from the Federal Circuit, and all of the currently scheduled "lead" trials, as well as the trial in Sacramento Municipal Utility District and perhaps other proceedings, will be concluded and decisions may be issued in at least some of these cases. At that time, the Court should allow the parties to submit another status report identifying their positions regarding further activity in the case.

Finally, IPL notes, as has been recently announced publicly, that it currently plans to sell its interests in the Duane Arnold Energy Center. It is possible that the right to pursue this lawsuit and damages incurred in connection with the Duane Arnold Energy Center would be assumed by the purchaser of the plant. Accommodating the contemplated sale of the plant and the potential implications of that sale on the prosecution of this lawsuit are additional factors militating in favor of continuing the current stay.

In sum, the parties desire this case to be stayed, and therefore desire to defer setting a schedule for the filing of any dispositive motions. Similarly, the parties believe that the jointly-requested stay will help to inform their decisions regarding their intent to file such motions and what discovery might be necessary, and that it is premature at this time to commit to filing such motions or to engage in active discovery. Finally, should the Court determine that it desires to lift the stay, the parties respectfully request that the Court schedule a status conference first, so that they may be heard more fully on these issues.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch,

s/ Brad Fagg
Brad Fagg
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-5191 – telephone
(202) 739-3001 – facsimile

Attorney for Plaintiff

s/ Joshua E. Gardner
Joshua E. Gardner
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
(202) 305-7583 – telephone
(202) 307-2503 – facsimile

Attorneys for Defendant

April 15, 2005

**CERTIFICATE OF FILING**

I hereby certify that on this 15th day of April 2005, a copy of the foregoing "JOINT STATUS REPORT AND MOTION FOR TEMPORARY STAY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Paul Bessette