**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **INTERSTATE POWER AND LIGHT COMPANY,**<br><br>Plaintiff,<br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | Case No. 04-0067C<br><br>(Judge Christine Miller) |

**JOINT STATUS REPORT AND MOTION FOR EXTENSION OF TEMPORARY STAY**

Pursuant to this Court's order dated September 12, 2005, the parties respectfully file this joint status report and motion to extend the temporary stay.

This action is based upon a Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract"), the material terms of which are published at 10 C.F.R. § 961.11. The Standard Contract at issue in this proceeding relates to spent nuclear fuel generated at the Duane Arnold Energy Center. Prior to January 27, 2006, that Contract was between Interstate Power and Light Company ("IPL") and the United States, acting through the Department of Energy ("DOE"). On January 27, 2006, IPL sold its interests in the Duane Arnold Energy Center to FPL Energy Duane Arnold, LLC ("FPLE Duane Arnold"), and FPLE Duane Arnold became the Purchaser under the Standard Contract. Pursuant to the terms of the Purchase and Sale Agreement, IPL expects FPLE Duane Arnold to file a motion in this action in the near future to substitute itself as the party plaintiff, which IPL expects to support. The Government reserves all of its rights in connection with any such motion. *See generally, Rochester Gas and Electric Corporation v. United States*, 65 Fed. Cl. 431 (2005).

Apart from the sale of the plant and a possible substitution motion, however, all parties and potential parties to this lawsuit (*i.e.*, IPL, FPLE Duane Arnold, and the Government) agree that the Court should continue the current stay of proceedings, including discovery, until September 8, 2006. Approximately 59 cases involving the Government's actions in connection with spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") are currently pending in the Court of Federal Claims.[1] A stay of discovery and merits-based motion practice will allow the parties to attempt to address the substitution issues noted above, but also, as in several other SNF/HLW cases pending before the Court, the parties believe that the interests of efficiency and economy otherwise support an extension of the stay. Indeed, savings of the significant costs of discovery concerning many issues that the parties agree might be dispositively resolved in other cases are among the chief reasons for continuing the current stay for the defined period.

The parties do not presently desire to engage in affirmative or responsive discovery, or other active litigation such as substantive motions practice. This is because there is at least a reasonable chance that the dispositive resolution of legal and factual issues in previously-filed cases in which similar claims are being pursued by other plaintiffs could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they become necessary. These issues may include, among others, so-called “rate” issues, or the minimum mandatory schedule for acceptance of SNF and HLW by which the Government was contractually obligated to accept contract holders’ SNF and/or HLW. These issues have

[1] Five other cases have been dismissed voluntarily or by joint stipulation, while a sixth case, Indiana Michigan Power Co. v. United States, 98-486C (Fed. Cl.), has been appealed and has been the subject of an opinion by the Federal Circuit. Indiana Michigan Power Company v. United States, 422 F.3d 1369 (Fed. Cir. 2005). Another case, PSEG Nuclear, LLC v. United States, No. 01-551C, is currently pending before the Federal Circuit, pursuant to an interlocutory appeal.

been or are expected to be presented in the trials that are currently scheduled to occur during the coming year.[2] Resolution of these issues in such cases could facilitate agreements by the parties in this lawsuit, or at a minimum, inform the Court's consideration of such issues if they remain contested and require resolution in this case. Moreover, definitive resolution of those issues could potentially affect the scope of pre-trial discovery.

The parties request that the stay be continued until September 8, 2006. At that time, the Court should allow the parties to submit another status report identifying their positions regarding further activity in the case.[3]

As noted above, the parties desire this case to be stayed, and therefore desire to defer setting a schedule for the filing of any dispositive motions. Similarly, the parties believe that the jointly-requested stay will help to inform their decisions regarding their intent to file such motions and what discovery might be necessary, and that it is premature at this time to commit to filing such motions or to engage in active discovery. Finally, should the Court determine that it

---

[2] While the Court of Appeals resolved certain issues regarding future damages in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), the court there did not address many of the other issues regarding damages that will likely be implicated in this case, including the rate issue. Such issues may, however, be addressed, or at least informed, by several cases in which trials have been, or will soon be, completed. Those cases include Yankee Atomic Elec. Co. v. United States, No. 98-126C (Fed. Cl.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.); Sacramento Municipal Utility District v. United States, No. 98-488 (Fed. Cl.), and Southern Nuclear Operating Company v. United States, 98-614C (Fed. Cl.). The trial court in Tennessee Valley Authority v. United States, 69 Fed. Cl. 516 (2006), in which an appeal has not yet been filed, recently addressed certain categories of contract breach damages, but did not directly rule upon rate issues due to stipulations between the parties in that case.

[3] The parties note that the stays in several other spent nuclear fuel damages cases have been extended for these reasons, following the Indiana Michigan decision. E.g., Kansas Gas and Electric Company et al. v. United States, No. 04-99 (Fed. Cl.) (Order dated November 28, 2005); TXU Generation Company, LP v. United States, 04-98 (Fed. Cl.) (Order dated November 23, 2005); General Electric Company v. United States,, 04-107C (Order dated December 28, 2005); General Electric Company v. U.S.,, 04-108C (Order dated December 28, 2005); The Cleveland Electric Illuminating Company et al. v. United States, No. 04-69C (Order dated December 28, 2005).

desires to lift the stay over the objection of the parties, the parties respectfully request that the Court schedule a status conference first, so that they may be heard more fully on these issues.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch,

s/ Brad Fagg
Brad Fagg
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-5191 – telephone
(202) 739-3001 – facsimile

Attorney for Plaintiff

s/ Joshua E. Gardner
Joshua E. Gardner
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
(202) 305-7583 – telephone
(202) 307-2503 – facsimile

Attorneys for Defendant

March 31, 2006

**CERTIFICATE OF FILING**

I hereby certify that on this 31st day of March 2006, a copy of the foregoing "JOINT STATUS REPORT AND MOTION FOR TEMPORARY STAY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Paul Bessette